UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

MICHAEL J. GOTTLIEB,

                          Plaintiff,

    - against -

JORDIN SPORTSWEAR, LLC,

                       Defendant.

------------------------------------------------------x

**JUDGE STANTON**

**08 CV 1857**

**NOTICE OF REMOVAL
OF ACTION UNDER
28 U.S.C. §1441**
(Diversity)

FEB 2 5 2008

U.S.D.C. S.D. N.Y.
CASHIERS

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant, Jordin Sportswear, LLC, hereby removes to this Court the state court action described below.

    1.      On or about May 15, 2007, an action was commenced in the Supreme Court of the State of New York, New York County, entitled Michael J. Gottlieb, Plaintiff, against Jordin Sportswear, LLC, Defendant, under Index No. 601629/2007 (the "State Court Action"). A copy of the summons and complaint in the State Court Action (the "State Court Complaint") is annexed hereto as Exhibit A.

    2.      Although defendant has recently learned that the plaintiff claims to have served the State Court Complaint on defendant in or about May 22, 2007 – and, indeed, that the plaintiff obtained a default judgment in the State Court Action (the "Default Judgment," copy annexed hereto as Exhibit B) based on that purported service – the defendant was in fact never served with the State Court Complaint, and only learned of the pendency of the State Court Complaint in the last few weeks. Thus, upon the removal of this Action to this Court, the defendant will move to vacate the Default Judgment.

    3.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332 in that it is a civil action between citizens of different states and

the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Inasmuch as the defendant is not a citizen of New York for purposes of 28 U.S.C. §1332, the action may be removed to this Court pursuant to 28 U.S.C. §1441(a) and (b).

4.    *Citizenship*    Specifically, as to diversity of citizenship, the plaintiff is citizens of the State of New York and the defendant is a citizen of the State of California:

(a)    *Plaintiff*    As alleged in the State Court Complaint (Ex. A, ¶1), the plaintiff's domicile is in New York and his principal place of business is in New York City; on information and belief, plaintiff intends his residency in New York to be indefinite and permanent; and he is, on information and belief, a citizen of the State of New York.

(b)    *Defendant*    Defendant is now and was at the time of the filing of the State Court Complaint a limited liability company organized under the law of the State of California and, at all time relevant to this matter, has maintained its principal place of business in Bell, California.  (See Ex. A, ¶2)

5.    ***Amount in Controversy***    The State Court Complaint prays for compensatory damages "in excess of $200,000 …" plus statutory damages in the same amount.  (Ex. A, "WHEREFORE" clause).

Dated: New York, New York
      February 25, 2008

              **TRACHTENBERG RODES & FRIEDBERG LLP**
              *Attorneys for Defendant*

              By: _____
                  Leonard A. Rodes (LAR 3675)
              545 Fifth Avenue
              New York, New York  10017
              (212) 972-2929



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MICHAEL J. GOTTLIEB,

*Plaintiff,*

-against-

JORDIN SPORTSWEAR, LLC,

*Defendant.*

**SUMMONS**

Index No.: 601629/07

Date Index No. Purchased: May 15, 20

NEW YORK
COUNTY CLERK'S OFFICE

MAY 1 5 2007

NOT COMPARED
WITH COPY FILE

**TO THE ABOVE NAMED DEFENDANT:**

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer on the plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the date of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded therein.

      New York County is designated as the place of trial on the basis of plaintiff's principal place of business.

Dated:   New York, New York
        May 10, 2007

           PRYOR CASHMAN LLP
           Attorneys for Plaintiff
           MICHAEL J. GOTTLIEB

By:
           Michael G. Goldberg
           410 Park Avenue
           New York, New York 10022
           (212) 421-4100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

MICHAEL J. GOTTLIEB,

*Plaintiff*,

-against-

JORDIN SPORTSWEAR, LLC,

*Defendant*.

---

Index No.

**COMPLAINT**

---

Plaintiff Michael J. Gottlieb ("Plaintiff" or "Gottlieb"), by his attorneys, Pryor Cashman

LLP, as and for his complaint against defendant Jordin Sportswear, LLC ("Defendant" or

"Jordin"), respectfully alleges as follows:

### PARTIES

1.      Plaintiff Gottlieb is a resident of the State of New York and is engaged, *inter alia*,

as a sales representative for apparel companies.

2.      Upon information and belief, Defendant Jordin is a California limited liability

company with a principal place of business at located at 5554 Bandini Boulevard, Bell,

California 90201. Jordin is a manufacturer and seller of men's and women's apparel, with a

concentration in the urban apparel market.

### FACTS COMMON
### TO ALL CAUSE OF ACTION

3.      Since the early 1990s, Gottlieb was involved with and had numerous

connections in the apparel industry generally, and the urban apparel market in particular.

4.      In early 2004, Defendant Jordin engaged Gottlieb as a sales representative to identify and obtain orders to produce garments for apparel companies (the "Agreement").

5.      Pursuant to the terms of the Agreement, Gottlieb was to solicit orders for merchandise from apparel companies in exchange for a three (3%) percent commission to be paid by Jordin (two (2%) percent commission on goods shipped by air).  Although the Agreement was terminable at will by either party, Gottlieb was entitled to be paid a full commission on all future orders placed by companies which he introduced to Jordin.

6.      Gottlieb proceeded to obtain substantial orders from numerous parties that Jordin had not previously done business with, including Phat Farm, Inc. ("Phat Farm"), and the business of Jordin grew significantly as a direct result of Gottlieb's efforts.

7.      The terms of the Agreement were consistently reconfirmed by writings exchanged between the parties, including emails, royalty reports and checks.

8.      However, in early January 2006, when an individual with whom Gottlieb had a long-standing relationship left Phat Farm and Jordin believed it could continue to do business with Phat Farm without paying Gottlieb, Jordin stopped making the required commission payments on orders which had been obtained by Gottlieb.

9.      In addition, Jordin refused to pay commissions on subsequent orders Jordin obtained from Phat Farm and other companies that were introduced to it by Gottlieb.

510324

## AS AND FOR A FIRST
## CAUSE OF ACTION
(Violation of New York Labor Law Article 6)

10.    Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "9" hereof as if more fully set forth herein.

11.    Plaintiff was a "sales representative," as that term is defined in Section 191-a(d) of the Labor Law.

12.    Pursuant to section 191-b, Plaintiff was entitled to receive payment for earned commissions no later than five business days after the commissions had been earned.

13.    Pursuant to section 191-c, Plaintiff was also entitled to receive payment for earned commission within five business days after he was terminated and, in the case of commissions that later became due, within five business days of the date they were due.

14.    Defendant has breached Sections 191-b and 191-c of the Labor Law by willfully failing to pay Plaintiff earned commissions in the time prescribed by the Labor Law.

15.    Defendant's breach of the Labor Law has damaged Plaintiff in an amount to be determined at trial, but believed to be in excess of $200,000 in commissions, bonuses and other payments which are currently due and owing, plus double damages, attorneys' fees, court costs and disbursements as provided by Labor Law § 191-c(3).

510324

## AS AND FOR A SECOND
## CAUSE OF ACTION
### (Breach of Contract)

16.     Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "15" hereof as if more fully set forth herein.

17.     Pursuant to the Agreement, Gottlieb was entitled to be paid a commission for all orders placed by customers introduced by Gottlieb, both before and after his termination.

18.     Jordin acknowledged this obligation and further admitted that significant commissions were due and owing for the period before Gottlieb was terminated.

19.     Notwithstanding the foregoing, Jordin has failed and refused to pay the commissions due to Gottlieb, before and after the date of termination, and continues to fail to pay such commissions, notwithstanding repeated due demand therefore.

20.     By reason of the foregoing, Jordin has breached the Agreement.

21.     As a result of the breach, Plaintiff has suffered damages in an amount to be determined at trial, but believed to be in excess of $200,000, plus interest from the due date of each commission payment.

## AS AND FOR A THIRD
## CAUSE OF ACTION
### (Unjust Enrichment)

22.     Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "21" hereof as if more fully set forth herein.

510324

23.    At the Defendant's specific request, Gottlieb solicited orders on behalf of, for the benefit of, and at the specific request of Defendant.

24.    The Defendant has paid Gottlieb only a portion of the commissions that it committed to pay.

25.    The Defendant has been enriched unjustly by Gottlieb's solicitation of numerous companies on the Defendant's behalf for which commissions have not been paid.

26.    Accordingly, the Defendant is indebted to Plaintiff in an amount to be determined at trial, but believed to be in excess of $200,000, plus interest.

**AS AND FOR A FOURTH
CAUSE OF ACTION**
(Quantum Meruit)

27.    Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "26" hereof as if more fully set forth herein.

28.    Gottlieb solicited companies and otherwise performed services for the benefit of and at the specific request of the Defendant, and the Defendant is liable for the value the orders placed with Defendant as a result of Gottlieb's introduction and other efforts.

29.    By having such Services rendered on its behalf and for its benefit, the Defendant is liable to Gottlieb in quantum meruit in an amount to be determined at trial, which amount is believed to be in excess of $200,000, plus interest.

510324

## AS AND FOR A FIFTH
## CAUSE OF ACTION
### (Estoppel)

30.    Plaintiff repeats and realleges the allegations contained in Paragraphs "1" through "29" hereof as if more fully set forth herein.

31.    Defendant made certain promises and representations to Gottlieb regarding payment for the services rendered.

32.    It was foreseeable that Gottlieb would rely upon these representations by the Defendant.

33.    Gottlieb substantially and justifiably relied on the promises made by Defendant to his detriment, providing services and soliciting orders.

34.    In breach of its promises and representations, Defendant has failed and refused to pay Gottlieb for the services and solicited orders.

35.    Injustice under the circumstances can only be avoided by the enforcement of the promises and representations made by the Defendant to Gottlieb.

36.    Accordingly, the Defendant is liable to Gottlieb in an amount to be determined at trial, which amount is believed to be in excess of $200,000, plus interest.

510324

**WHEREFORE**, plaintiff Michael J. Gottlieb respectfully demands judgment in his favor as follows:

        (a)     On his first cause of action, against Defendant Jordin Sportswear LLC in an amount to be determined at trial, but believed to be in excess of $200,000, plus double damages, attorneys' fees, court costs and disbursements as provided by Labor Law § 191-c(3);

        (b)     On his second cause of action, against Defendant Jordin Sportswear LLC in an amount to be determined at trial, but believed to be in excess of $200,000, plus interest;

        (c)     On his third cause of action, against Defendant Jordin Sportswear LLC in an amount to be determined at trial, but believed to be in excess of $200,000, plus interest;

        (d)     On his fourth cause of action, against Defendant Jordin Sportswear LLC in an amount to be determined at trial, but believed to be in excess of $200,000, plus interest; and

        (e)     On his fifth cause of action, against Defendant Jordin Sportswear LLC in an amount to be determined at trial, but believed to be in excess of $200,000, plus interest;

        (f)     Together with such other, further and different relief as this Court may deem just and proper.

Dated:       New York, New York
              May 10, 2007

                      PRYOR CASHMAN LLP
                      Attorneys for Plaintiff
                      MICHAEL J. GOTTLIEB

By: _____
                      Michael G. Goldberg
                      410 Park Avenue
                      New York, New York 10022
                      (212) 326-0244

510324